UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br><br>TORY TOD BURNS,<br><br>    Defendant. | Case No. 4:23-cr-00314-BLW<br><br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court is Defendant Tory Tod Burns' Motion for Compassionate Release. Dkt. 257. Having reviewed the briefing and record in this case, the Court will deny the motion for the following reasons.

### STANDARD OF LAW

The Court may not modify a defendant's sentence once imposed, except in limited circumstances. *Dillion v. United States,* 560 U.S. 817, 819 (2010). Congress provided for a "compassionate release" exception in 18 U.S.C. § 3582(c)(1)(A).

The Court may grant release if it finds (1) the defendant exhausted administrative remedies available in the Bureau of Prisons (BOP), 18 U.S.C. § 3582(c)(1)(A); (2) the defendant's reasons for release are extraordinary and compelling, pursuant to the Sentencing Commission's policy statement, U.S.S.G. §

**MEMORANDUM DECISION AND ORDER - 1**

1B1.13(b); and (3) the factors in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction.

## DISCUSSION: COMPASSIONATE RELEASE GROUNDS

Because failure to meet any one of the requirements for compassionate release means that a sentence reduction motion must be denied, the Court focuses on only the "extraordinary and compelling reasons" requirement.

The defendant bears the burden of showing that "extraordinary and compelling reasons warrant such a reduction" under U.S.S.G. § 1B1.13(b). The current policy statement defines "[e]xtraordinary and compelling reasons," in pertinent part, meaning that the defendant has serious health issues, suffers from serious effects of aging, or provides other reasons "similar in gravity" to the reasons stated in the Guidelines. U.S.S.G. § 1B1.13.

Defendant reports that he has had unusual growths identified on his lungs since he arrived in prison. On December 19, 2024, he had an x-ray to check on a 10 mm nodular growth on his left lung that was previously thought to be a calcified nodule. Dkt. 257-2 at 5. On December 19, 2024, the growth was "not appreciated" on the x-ray and the lungs appeared clear. *Id*. On February 27, 2025, Defendant had a follow-up x-ray showing that the previously noted 10 mm nodular density in the left lateral lower lung field was not appreciated on the x-ray. Dkt. 257-2 at 4.

**MEMORANDUM DECISION AND ORDER - 2**

It was recommended that he have a follow-up x-ray in 6 months to 1 year "to document radiographic stability of the chest." *Id*. Defendant has not submitted any further health records showing that he has a serious condition that cannot be treated in prison.

Because the second factor—showing an issue consistent with the Sentencing Commission's policy statement, U.S.S.G. § 1B1.13(b)—is not met, the Court need not analyze the remaining two factors. The motion will be denied.

## ORDER

**IT IS ORDERED** that Defendant's Motion for Sentence Reduction (Dkt. 257) is DENIED.



DATED: August 5, 2026

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**